mination that a contract was entered into between the parties for the drilling of a water well at a price of $3 a foot, unanimously affirmed, with costs. In our opinion, the contract was not within the scope of Maximum Price Regulation No. 251 (§ 1, subd. [a]; 7 Federal Register 8878, 8879) of the Office of Price Administration, effective November 5, 1942, which defendant invokes. That regulation, insofar as pertinent, was concerned with material and labor used to create "any building, structure, or construction project" and with services rendered with respect thereto or any part thereof. The penalties prescribed for violation of this regulation can be successfully invoked only where the person so charged has been apprised of his obligation by clear, explicit and unmistakable language in the regulation itself. That a hole in the ground, or labor involved in drilling it, was to be considered as a building, structure, or construction project, or as services rendered with respect thereto, was not made clear until the promulgation of Revised Maximum Price Regulation No. 251 (§ 1, subd. [a]; 9 Federal Register 10200), after the making and performance of the contract in suit and on August 21, 1944, wherein it was expressly provided: "Such services and sales as excavation, demolition and site clearance, water well drilling, and landscaping are covered by this regulation." Present — Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ.

MIRIAM GREENFIELD, Appellant, v. LOUIS TESHER, Defendant, and HYMAN BLOOM, Intervener, Respondent.— Action for specific performance of a contract for the sale of real property. Plaintiff moved for a severance of her cause of action against defendant Louis Tesher and for judgment against him by default; and to strike out the answer of defendant Hyman Bloom and for summary judgment. From the order denying her motion in its entirety, plaintiff appeals. Order affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ., concur.

MIRIAM GREENFIELD, Appellant, v. LOUIS TESHER, Defendant, and HYMAN BLOOM, Intervener, Respondent.— Action for specific performance of a contract for the sale of real property. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ.

RAE P. GREGORY, Appellant, v. JAMES J. GREGORY, Respondent.— Plaintiff appeals from an order denying her motion to modify a final judgment of annulment so as to provide for her support and maintenance. Order affirmed, without costs. The record discloses no circumstances which would have justified the granting of such relief by the Special Term. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.

In the Matter of EDWARD J. SIMPSON, an Incompetent Person. WALTER SIMPSON, as Substituted Committee, Respondent; WIRT C. GROOM, as Acting Superintendent of Hudson River State Hospital, Appellant.— The incompetent person is a disabled veteran of World War I. On May 18, 1934, by order of the Westchester County Court, he was committed to the Hudson River State Hospital, where he is still a patient. On November 23, 1935, a committee of the property of the incompetent was appointed by order of the Supreme Court, which, inter alia, directed the committee to pay to the State of New York such sums as might become due thereafter for the incompetent's support and maintenance. On May 18, 1942, respondent was appointed and qualified as a substituted committee. No payment was made to the State for the care and maintenance of the incompetent in the State hospital. On or about September 1, 1943, the Commissioner of Mental Hygiene, acting